UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ERIC MAURICE BRODIE,<br><br>Defendant. | Crim. No. 08-235<br>(Mag. Crim. No. 08-0418M)<br>RMU/DAR |

**MEMORANDUM OF FINDINGS OF FACT
AND STATEMENT OF REASONS IN
SUPPORT OF ORDER OF DETENTION**

## I. INTRODUCTION

Defendant is charged by criminal complaint with unlawful possession of three firearms following conviction of a felony in violation of 18 U.S.C. § 922(g)(1). The undersigned United States Magistrate Judge conducted a consolidated preliminary and detention hearing on July 7, 2008.

Upon consideration of the evidence adduced at the hearing, the proffers and arguments of counsel and the entire record herein, Defendant was ordered held without bond pursuant to 18 U.S.C. § 3142(e). The findings of fact and statement of reasons in support of the Order of Detention follow.

## II. THE BAIL REFORM ACT

The Bail Reform Act of 1984, 18 U.S.C. § 3141 et seq. (hereinafter "the Act"), provides, in pertinent part, that if a judicial officer finds by clear and convincing evidence that "no condition or combination of conditions will reasonably assure . . . the safety of any other person and the community, such judicial officer shall order the detention of the [defendant] before trial."

United States v. Brodie                                                                                                                   2

18 U.S.C. § 3142(e). Thus, danger to the community alone is a sufficient basis upon which to order pretrial detention. <u>United States v. Salerno</u>, 481 U.S. 739, 755 (1987); <u>United States v. Simpkins</u>, 826 F.2d 94, 98 (D.C. Cir. 1987); <u>United States v. Perry</u>, 788 F.2d 100, 113 (3d Cir. 1986); <u>United States v. Sazenski</u>, 806 F.2d 846, 848 (8th Cir. 1986).

Where the government seeks pretrial detention on the ground that no condition or combination of conditions will reasonably assure the appearance of defendant as required, it has the burden of establishing by a preponderance of the evidence that the defendant will flee before trial if released. <u>United States v. Vortis</u>, 785 F.2d 327, 328-29 (D.C. Cir.), <u>cert</u>. <u>denied</u>, 479 U.S. 841 (1986). The judicial officer must determine that "it is more likely than not that no condition or combination of conditions will reasonably assure an accused's appearance." <u>United States v. Westbrook</u>, 780 F.2d 1185, 1188-89 (5th Cir. 1986).

In determining whether there are conditions of release which will reasonably assure the appearance of the person as required and the safety of any other person and the community, the judicial officer shall take into account the available information concerning: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or to the community which would be posed by the defendant's release. 18 U.S.C. § 3142(g).

### III. DISCUSSION

The government's sole witness, Officer James Madison Boteler, Jr. of the Metropolitan Police Department ("MPD"), testified in substantial conformity with the statement of facts attached to the Criminal Complaint (Document No. 1). The undersigned found probable cause.

United States v. Brodie                                                                                                                    3

Counsel for the government, in further support of the government's request for pretrial detention, proffered, as reported by the Pretrial Services Agency, that Defendant has four prior convictions; that he was on probation for possession of a firearm during a crime of violence at the time of the instant offense; and that Defendant has been charged with new criminal conduct during each of his prior terms of probation.

Defendant offered no evidence and submitted on probable cause. Defendant, through counsel, requested the court to release him on the condition that he reside in a halfway house. Through his counsel, Defendant acknowledged that at the time of the instant offense he was on probation, but maintained that he otherwise was in compliance with his conditions of probation. Defendant's counsel further proffered that Defendant: (1) tested negative for drugs in his three most recent drug tests; (2) reported as required to his probation officer; (3) does not have a history of failing to appear in court; (4) successfully completed probation in two other cases; and (5) is currently employed at a trucking company.

## IV. **FINDINGS OF FACT**

Upon consideration of the factors enumerated at Section 3142(g) of the Act, the undersigned finds by clear and convincing evidence that no condition of release or combination of conditions would reasonably assure the safety of the community. First, the nature and circumstances of the offense charged indicate that Defendant was in possession of three semi-automatic handguns, one of which was loaded.

Second, for the reasons offered by counsel for the government, the undersigned finds that the weight of the evidence against the Defendant is compelling.

United States v.  Brodie                                                                                                                  4

Third, Defendant's history and characteristics militate against pretrial release.  Of particular significance is that at the time of his arrest in this action, Defendant: (1) was on probation for possession of a firearm during a violent or dangerous offense; and (2) had previously failed to comply with the terms of his probation.

Finally, the undersigned is satisfied that the toll which unlawful possession of weapons has taken and continues to take upon this community is well-documented and need not be repeated here.  The undersigned finds that the government's evidence compels the conclusion that there is no condition or combination of conditions which would reasonably assure the safety of the community.

## V.  CONCLUSION

On the basis of the foregoing findings of fact and reasons, Defendant will be held without bond pursuant to the July 7, 2008 Order of Detention.

                                                                      /s/
                                          DEBORAH A. ROBINSON
                                          United States Magistrate Judge

   August 4, 2008
DATE

   July 7, 2008
NUNC PRO TUNC