UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | Cr. No. 08-235 (RMU) |
| | : | |
| ERIC BRODIE | : | |
|         Defendant. | : | |

**GOVERNMENT'S NOTICE OF INTENTION AND MOTION TO ADMIT
EVIDENCE OF DEFENDANT'S PRIOR CONVICTIONS PURSUANT
TO FEDERAL RULE OF EVIDENCE 609**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully notifies defendant and the Court of its intent to impeach defendant, should he choose to testify, with prior convictions pursuant to Fed. R. Evid. 609. In support of its notice, the United States relies on the following points and authorities and such other points and authorities as may be cited at a hearing regarding this notice:

**I. Background.**

1. Defendant is charged with Unlawful Possession with Intent to Distribute 5 grams or More of Cocaine Base, Unlawful Possession of a Firearm and Ammunition by a Person convicted of a Crime, and Using, Carrying and Possessing a Firearm During a Drug Trafficking Offense. The defendant has been previously convicted of the following offenses:

    a.    the felony offense of Possession of a Firearm During a Violent or Dangerous Offense and Aggravated Assault in case 2000-Fel-002393, in the Superior Court of the District of Columbia, on September 7, 2001, for which he was sentenced to a term of 5 to 15 years with 5 to 10 years suspended for the possession of a firearm charge and 18 to 36 months suspended for the Aggravated Assault charge.

   b. the felony offense of Assault in the Second Degree in Prince George's County, Maryland, on March 28, 2001, for which he was sentenced to 18 months suspended and 18 months probation.

Should the defendant choose to testify, we seek to use these convictions, pursuant to Fed. R. Evid. 609(a)(1), to impeach him.

**II. Fed. R. Evid. 609(a)(1).**

2. "[E]vidence that an accused has been convicted" of a crime punishable by more than one years' imprisonment may be used to impeach him if the probative value outweighs the prejudicial effect. Fed. R. Evid. 609(a)(1). Among others, defendant has been convicted for possession of a firearm during a crime of violence, aggravated assault and second degree assault, each of which was punishable by more than one year of imprisonment. This Court should permit the use of that conviction to impeach the defendant because its probative value outweighs any prejudicial effect. United States v. Lipscomb, 702 F.2d 1049 (D.C. Cir. 1983) (en banc).

3. In Lipscomb, the Court of Appeals held that "all felony convictions are probative of credibility to some degree." Id. at 1062. The defendant's credibility will be central to the outcome of the case should he choose to testify. The government is therefore entitled to challenge his credibility with his prior felony convictions. The probative value of the convictions, therefore, is quite high. With respect to the prejudice prong, the Court of Appeals has recognized that, while all impeachments with a prior conviction involve some prejudice, the operative question is "how much?". Id. Here, the prejudicial effect of using these convictions for impeachment is outweighed by its probative value:

> While it is true in a narcotics prosecution that a prior narcotics conviction carries more prejudice, it is also true that evidence of such conviction carries more probative value and is more necessary

>when the accused testified that he is not knowledgeable in drug transactions and his testimony on that point directly contradicts that of his accuser.

United States v. Lewis, 626 F.2d 940, 951 (D.C. Cir. 1980). In Lewis, the court also noted that "it is of prime importance that the jury be given as much help in determining credibility as the Rules of Evidence permit. . . . It is unfair and misleading to a jury, when credibility is an issue, to refuse to admit relevant evidence that is directly probative on that issue." Id. at 950. The serious nature of the defendant's prior offenses may be considered by the jury as indicative of his lack of veracity as they are extremely probative of a defendant's respect for the law and are directly relevant to an examination of his credibility.

**III.  Fed. R. Evid. 609(b).**

4.  Fed. R. Evid. 609(b) places a temporal restriction on the use of convictions for impeachment purposes: "Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date . . ." Here, the 2001 cases occurred within the last ten years. Thus, the convictions may properly be used for impeachment.

WHEREFORE, the government respectfully moves the Court for leave to use the defendant's prior conviction for impeachment purposes.

Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

*Bridgette Crafton*

By:    BRIDGETTE CRAFTON
Assistant United States Attorney
Federal Major Crimes Section
United States Attorney's Office
555 4th Street, N.W., room 4231
Washington, D.C. 20530
202-353-2385

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** : | |
| : | |
| v. : | Cr. No. 08-235 (RMU) |
| : | |
| **ERIC BRODIE** : | |
| **Defendant.** : | |

_____

**ORDER**

Based upon the government's motion to admit the defendant's prior convictions for impeachment purposes, and any oppositions thereto, it is this

_____ day of _____, 2009, hereby

**ORDERED** that, should the defendant chose to testify, the government may impeach him with his convictions set out in the government's motion.

_____
HONORABLE RICHARD M. URBINA
United States District Judge