

U.S. Department of Justice

Jeffrey A. Taylor
United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

August 27, 2008

**FILED**
SEP 4 – 2008
Clerk, U.S. District and
Bankruptcy Courts

<u>VIA FACSIMILE TO (202) 289-6810</u>
Joanne Slaight, Esquire
717 5th Street, NW
Washington, D.C. 20001

    Re:   <u>United States v. Eric Brodie</u>
           Criminal No. 08-235 (RMU)

Dear Attorney Slaight:

    This letter sets forth the full and complete plea offer to your client, Eric Brodie, from the Criminal Division of the Office of the United States Attorney for the District of Columbia (hereinafter also referred to as "the Government" or "this Office"). This plea offer will expire on September 3, 2008. If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below. Upon receipt of the executed document, this letter will become the Plea Agreement. The terms of the offer are as follows:

**<u>Charges and Statutory Penalties</u>**

    Your client agrees to plead guilty to count one of the indictment, Unlawful Possession with Intent to Distribute 5 grams or more of Cocaine Base, 21 U.S.C. § 841(a)(1) and 841(b)(1)(B)(iii) and count three of the indictment, Using, Carrying and Possessing a Firearm During a Drug Trafficking Offense, 18 U.S.C. § 924(c)(1)

    Your client understands that pursuant to 21 U.S.C. § 841(a)(1) and 841(b)(1)(B)(iii)), the Unlawful Possession with Intent to Distribute 5 Grams or More of Cocaine Base, carries a mandatory minimum sentence of 5 years, and a maximum of 40 years imprisonment, a fine of $ 2,000,000, and an obligation to pay any applicable interest or penalties on fines not timely made, and a term of at least five years of supervised release.

1

Your client further understands that pursuant to 18 U.S.C. § 924(c)(1) Using, Carrying and Possessing a Firearm During a Drug Trafficking Offense, carries a mandatory minimum sentence of 5 years consecutive to any other sentence and a maximum sentence of life imprisonment, a fine of $250,000 pursuant to 18 U.S.C. § 3571(b)(3), and a term of five years of supervised release, pursuant to 18 U.S.C. § 3583(b)(2).

In addition, your client agrees to pay a special assessment of $100 per felony conviction to the Clerk of the United States District Court for the District of Columbia prior to the date of sentencing. Your client also understands that pursuant to 18 U.S.C. §3571 and §5E1.2 of the Sentencing Guidelines, the Court may also impose a fine that is sufficient to pay the federal government the costs of any imprisonment, term of supervised release and period of probation. Further, your client understands that if your client has two or more convictions for a crime of violence or felony drug offense, your client may be subject to the substantially higher guideline penalties provided for in the career offender statutes and provisions of the Sentencing Guidelines.

In consideration of your client's plea to the above offenses, your client will not be further prosecuted criminally by this Office for the conduct set forth in the attached Statement of Offense. In addition, at the time of sentencing, the Government will move to dismiss count two, Unlawful Possession of a Firearm by a Person Convicted of a Crime, 18 U.S.C. § 922(g)(1). Your client agrees that with respect to any and all dismissed charges your client is not a "prevailing party" within the meaning of the "Hyde Amendment," § 617, P.L. 105-119 (Nov. 26, 1997), and will not file any claim under that law.

### Factual Stipulations

Your client agrees that the attached "Statement of the Offense" fairly and accurately describes your client's actions and involvement in the offenses to which your client is pleading guilty. It is anticipated that prior to the plea hearing, your client will adopt and sign the Statement of the Offense as a written proffer of evidence. In addition, as set forth in this agreement, your client agrees to give under oath a truthful, complete and accurate statement of his knowledge of his role in the commission of the offenses charged in the indictment.

### Sentencing Guidelines

Your client understands that the sentence in this case will be determined by the Court, pursuant to the factors set forth in 18 U.S.C. §3553(a), including a consideration of the guidelines and policies promulgated by the United States Sentencing Commission, Guidelines Manual 2007 (hereinafter "Sentencing Guidelines" or "U.S.S.G").

### Adjustment for Acceptance of Responsibility:

Provided that your client clearly demonstrates acceptance of responsibility, to the satisfaction of the Government, through your client's allocution and subsequent conduct prior to the imposition of sentence, the Government agrees that a 3-level reduction would be appropriate, pursuant to U.S.S.G § 3E1.1(b).

2

Received Time Aug. 28. 2008 14:27 No. 1644

### Guideline Departures

The parties agree that under the Sentencing Guidelines neither a downward nor an upward departure from the applicable Guidelines Range is warranted. Accordingly, neither party will seek such a departure. Nor will either party suggest that the Court consider such a departure.

### Agreement as to Sentencing Allocution

The parties further agree that a sentence within the applicable Guidelines Range established by the Sentencing Guidelines would constitute a reasonable sentence in light of all of the factors set forth in Title 18 U.S.C. § 3553(a).

Nothing in this Agreement limits the right of the Government to seek denial of the adjustment for acceptance of responsibility, see U.S.S.G. § 3E1.1, and/or imposition of an adjustment for obstruction of justice, see U.S.S.G. § 3C1.1, regardless of any stipulation set forth above, should your client move to withdraw your client's guilty plea after it is entered, or should it be determined that your client has either (I) engaged in conduct, unknown to the Government at the time of the signing of this Agreement, that constitutes obstruction of justice or (ii) engaged in additional criminal conduct after signing this Agreement.

In addition, the Government reserves its right to full allocution in any post-sentence litigation in order to defend the Court's ultimate decision on such issues. Your client further understands that the Government retains its full right of allocution in connection with any post-sentence motion which may be filed in this matter and/or any proceeding(s) before the Bureau of Prisons. In addition, your client acknowledges that the Government is not obligated and does not intend to file any downward departure sentencing motion under § 5K1.1 of the Sentencing Guidelines, 18 U.S.C. § 3553(e), or any post-sentence downward departure motion in this case pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure.

### Court Not Bound by the Plea Agreement

It is understood that pursuant to Federal Rules of Criminal Procedure 11(c)(1)(B) and 11(c)(3)(B) the Court is not bound by the above stipulations, either as to questions of fact or as to the parties' determination of the applicable Guidelines range, or other sentencing issues. In the event that the Court considers any Guidelines adjustments, departures, or calculations different from any stipulations contained in this Agreement, or contemplates a sentence outside the Guidelines range based upon the general sentencing factors listed in 18 U.S.C. § 3553(a), the parties reserve the right to answer any related inquiries from the Court.

### Court Not Bound by the Non-Mandatory Sentencing Guidelines

It is understood that the sentence to be imposed upon your client is determined solely by the Court. It is understood that the Sentencing Guidelines are not binding on the Court. Your client acknowledges that your client's entry of a guilty plea to the charged offenses authorizes the sentencing court to impose any sentence, up to and including the statutory maximum sentence, which may be greater than the applicable Guidelines Range. The Government cannot, and does not, make

3

any promise or representation as to what sentence your client will receive. Moreover, it is understood that your client will have no right to withdraw your client's plea of guilty should the Court impose a sentence outside the Guidelines range.

### Release/Detention

Your client understands that the Government's recommendation to the Court at the time of the plea of guilty in this case that, pursuant to 18 U.S.C. § 3143, your client be detained without bond pending your client's sentencing in this case. It is also understood that your client may argue for release pending sentencing.

### Breach of Agreement

Your client understands and agrees that if, after entering this Plea Agreement, your client fails specifically to perform or to fulfill completely each and every one of your client's obligations under this Plea Agreement, or engages in any criminal activity prior to sentencing, your client will have breached this Plea Agreement. In the event of such a breach: (a) the Government will be free from its obligations under the Agreement; (b) your client will not have the right to withdraw the guilty plea; (c) your client shall be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice; and (d) the Government will be free to use against your client, directly and indirectly, in any criminal or civil proceeding, all statements made by your client and any of the information or materials provided by your client, including such statements, information and materials provided pursuant to this Agreement or during the course of any debriefings conducted in anticipation of, or after entry of this Agreement, including your client's statements made during proceedings before the Court pursuant to Fed. R. Crim. P. 11.

Your client acknowledges discussing with you Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410, rules which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights which arise under these rules.

Your client understands and agrees that the Government shall only be required to prove a breach of this Plea Agreement by a preponderance of the evidence. Your client further understands and agrees that the Government need only prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this Plea Agreement.

Nothing in this Agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, to obstruct justice, or to protect your client from prosecution for any crimes not included within this Agreement or committed by your client after the execution of this Agreement. Your client understands and agrees that the Government reserves the right to prosecute your client for any such offenses. Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to your client's obligations under this Agreement shall constitute a breach of this Agreement. However, in the event of such a breach, your client will not be allowed to withdraw this guilty plea.

4

Received Time Aug. 28. 2008 14:27 No. 1644

### Waiver of Statute of Limitations

It is further agreed that should the convictions following your client's plea of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement (including any counts that the Government has agreed not to prosecute or to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against your client, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

### Waiver of Right to DNA Testing

By entering this plea of guilty, your client waives any and all right your client may have, pursuant to 18 U.S.C. § 3600, to require DNA testing of any physical evidence in the possession of the Government. Your client fully understands that, as a result of this waiver, any physical evidence in this case will not be preserved by the Government and will therefore not be available for DNA testing in the future.

### Complete Agreement

No other agreements, promises, understandings, or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, defense counsel, and an Assistant United States Attorney for the District of Columbia.

Your client further understands that this Agreement is binding only upon the Criminal and Superior Court Divisions of the United States Attorney's Office for the District of Columbia. This Agreement does not bind the Civil Division of this Office or any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against your client.

If the foregoing terms and conditions are satisfactory, your client may so indicate by signing the Agreement in the space indicated below and returning the original to me once it has been signed by your client and by you or other defense counsel.

Sincerely yours,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

By: _____
BRIDGETTE CRAFTON
ASSISTANT UNITED STATES ATTORNEY

5

## DEFENDANT'S ACCEPTANCE

I have read this Plea Agreement and have discussed it with my attorney, Joanne Slaight, Esquire. I fully understand this Agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Agreement fully. I am pleading guilty because I am in fact guilty of the offense(s) identified in this Agreement.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Plea Agreement. I am satisfied with the legal services provided by my attorney in connection with this Plea Agreement and matters related to it.

Date: 8/30/08

Eric Brodie
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting this Plea Agreement, reviewed them with my client, and discussed the provisions of the Agreement with my client, fully. These pages accurately and completely sets forth the entire Plea Agreement. I concur in my client's desire to plead guilty as set forth in this Agreement.

Date: 8/30/08

Joanne Slaight, Esquire
Attorney for the Defendant

6

Case 1:08-cr-00235-RMU   Document 13   Filed 09/04/2008   Page 7 of 7